# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Hee Lui;<br><br>Heidi Lui<br><br>PLAINTIFFS<br><br>v.<br><br>L.B.O. Holdings, Inc., d/b/a<br>Attitash Bear Peak Resort & Attitash Resort;<br><br>Peak Resorts, Inc. d/b/a<br>Attitash Bear Peak Resort & Attitash Resort;<br><br>DEFENDANTS | Civil Action No: 1:19-CV-00871<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

The Plaintiffs, Hee and Heidi Lui, by and through their attorneys, Hage Hodes, P.A., hereby complain against Defendants L.B.O. Holdings Co., Inc. d/b/a Attitash Bear Peak Resort & Attitash Resort; Peak Resorts, Inc., d/b/a Attitash Bear Peak Resort & Attitash Resort; Peak Resorts, Inc. as follows:

## INTRODUCTION

1. Plaintiffs bring this civil tort action seeking money damages arising from a September 1, 2016 incident (hereinafter the "Incident") while using the AIRBAG Jump amusement ride and attraction located on the premises of Attitash Mountain Resort in Bartlett, New Hampshire.

## PARTIES

2. Plaintiff Hee Lui is a resident of New Jersey that lives at 123 Hickory Lane, Medford, New Jersey, 08055.

3. Plaintiff Heidi Lui is also a resident of New Jersey that lives at 123 Hickory Lane, Medford, New Jersey, 08055.  Heidi Lui is Hee Lui's wife and was at all times relevant to this Complaint.

4. Defendant L.B.O. Holdings, Inc., doing business as Attitash Resort and Attitash Mountain Resort (hereinafter "Attitash" or "LBO"), at all relevant times was a foreign corporation incorporated under the laws of the State of Maine, with a principal place of business at 17409 Hidden Valley Drive, Wildwood, Missouri, 63025.  It is registered as a foreign corporation to do business with the New Hampshire Secretary of State, and its registered agent is Robert E. Murphy, Jr. Esq., 95 Market Street, Manchester, New Hampshire 03101.  It is the owner/leasee/licensee/permitee and/or operator of premises at 775 Route 302, Bartlett, New Hampshire, 03812.

5. Defendant Peak Resorts, Inc. at all relevant times was a Missouri corporation that had a principal address of 17409 Hidden Valley Drive, Wildwood, Missouri, 63025.  Peak Resorts, Inc. owns and/or operates Attitash and will be referred to hereinafter collectively with L.B.O. Holdings, Inc. as "Defendants."  It is a publicly traded company listed on Nasdaq.  It is not registered with the N.H. Secretary of State. At all relevant times it owned and operated Attitash and owned and/or operated 13 other resorts.  Its registered agent is Timothy D. Boyd, 17409 Hidden Valley Drive Eureka, Missouri, 63025.

## JURISDICTION AND VENUE

6. There is diversity of citizenship between the parties.

7. The amount in controversy, exclusive of interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

8. Venue is proper in New Hampshire as the accident at issue occurred in New Hampshire.

## STATEMENT OF FACTS

9. On September 1, 2016, Mr. Lui visited Attitash on a family vacation and considered using the AIRBAG jump.

10. Mr. Lui has a medical condition, poliomyelitis, that restricts his leg strength.

11. He walks with an obvious alteration to his gait.

12. The area around the attraction was set up such that people congregated in front of signs such that patrons could not see the written instructions for the attraction.

13. Mr. Lui asked an Attitash employee at the AIRBAG for instructions on how to jump.

14. He was not given adequate instruction how to jump.

15. Mr. Lui was not instructed that proper use of the AIRBAG requires the user to lift their legs up in front of them after leaving the platform such that they land on their buttocks.

16. Mr. Lui jumped landing "pencil dive" style (feet first) on the AIRBAG.

17. The AIRBAG, contrary to the logo on the side emblazoned with "soft landings for superheroes" was hard when Mr. Lui landed on it.

18. When Mr. Lui landed on the AIRBAG he broke his right leg in two places.

19. Mr. Lui experienced extreme pain and suffering.

20. Mr. Lui required surgery and rehabilitation.

21. Mr. Lui also lost time from work.

22. Mrs. Lui lost the consortium of her husband during the time that he recovered.

## COUNT I

## NEGLIGENCE

23. Plaintiffs repeat and incorporate by reference Paragraphs 1-23.

24. The Defendants owed a duty of care to Mr. Lui to operate a safe amusement.

25. This duty of care included properly instructing and supervising its employees as to how to safely operate the AIRBAG jump.

26. Defendants are vicariously liable for the negligent acts of their employees.

27. Defendants owed a duty of care to Mr. Lui to ensure that the AIRBAG was not overly inflated such that it would provide a hard landing.

28. Defendants owed a duty of care to properly answer Mr. Lui's questions and properly instruct him on how to jump off of the platform onto the AIRBAG.

29. Defendants breached their duty of care when they failed to instruct Mr. Lui on the proper way to jump off of the AIRBAG platform.

30. Defendants breached their duty of care when they failed to ensure that the AIRBAG would provide a soft landing.

31. These breaches of the duties of care proximately caused Mr. Lui's injuries and damages.

32. Mr. Lui, by reason of the foregoing, seeks monetary damages in an amount to be determined within the maximum jurisdictional limits of this court, together with interest and fees allowed by law.

## COUNT II

### LOSS OF CONSORTIUM

33. Plaintiffs repeat and incorporate by reference Paragraphs 1-32.

34. As the direct and proximate result of Defendants' negligence, Mrs. Lui has been and will be deprived of her husband's full society, care, comfort, consortium and social relations.

35. Mrs. Lui, by reason of the foregoing, seeks monetary damages in an amount to be determined within the maximum jurisdictional limits of this court, together with interest and fees allowed by law.

## COUNT III

### VIOLATION OF NH RSA 358-A

36. Plaintiffs repeat and incorporate by reference Paragraphs 1-35.

37. Prior to traveling to Attitash and using the AIRBAG, Plaintiffs watched videos that advertised the AIRBAG.

38. The videos depicted the AIRBAG as soft and safe.

39. The AIRBAG at issue was emblazoned with the phrase "soft landings for super heroes."

40. However, some patrons, such as Mr. Lui, did not experience soft landings and instead received injuries.

41. Defendants were aware that prior patrons had been injured when they did not receive a "soft landing."

42. Nonetheless, Defendants continued to use the AIRBAG with that phrase and made no attempts to cover up the phrase.

43. The phrase and the depiction of the AIRBAG as soft and safe was part of Defendants' marketing and was false.

44. This false advertising was willful and knowing.

45. Accordingly, Mr. Lui is entitled to double or treble damages, attorneys' fees, costs and interests all within the jurisdictional limit of this Court.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court:

A. Enter judgment against Defendants on all counts;

B. Award Mr. Lui damages including but not limited to his medical expenses, pain and suffering, loss of enjoyment of life, lost wages and emotional distress;

C. Award Mrs. Lui damages for the loss of her husband's full society, care, comfort, consortium and social relations;

D. Award Plaintiffs double or treble damages, costs and attorneys' fees pursuant to RSA 358-A:10;

E. Award interest and costs;

F. And grant such other relief as is just and proper.

    Respectfully submitted,

    HEE AND HEIDI LUI

    By and through their attorneys
    HAGE HODES, P.A.

Dated: August 22, 2019    By: /s/ Kathleen A. Davidson
    Kathleen A. Davidson, Esq. (Bar #19535)
    Hage Hodes, Professional Association
    1855 Elm Street
    Manchester, New Hampshire 03104
    Tel. (603) 668-2222
    kdavidson@hagehodes.com